IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA SANTORO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>      Defendant. | Civil Action No.: 7:19-cv-09782<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Melissa Santoro ("Plaintiff"), through her undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendant, State Farm Mutual Automobile Insurance Company ("Defendant"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

  1. In direct violation of New York law, Defendant charges a $3 fee – which it calls a "Service Charge" or "Installment Fee" – in order for its insurance customers[1] to receive a paper billing statement and/or pay by United States mail.

  2. Indeed, a portion of Defendant's website entitled "Lower Installment Fees with Paperless Billing," states "[s]electing the paperless option for your State Farm® Payment Plan may result in a reduction of your SFPP installment fee.  Please see the schedules below for

---

[1] The "Service Charge" or "Installment Fee" is applicable to all types of insurance sold by Defendant, including, but not limited to, automobile insurance and homeowners' insurance.

details."[2]

### All US States Except Kentucky and Missouri

| Payment Option (How I pay my bill) | Do I get a paper bill? | Service Fee |
|---|---|---|
| Pay by check | Yes | $3 |
| Recurring Monthly automatic payment | Yes | $2 |
| Recurring Monthly automatic payment | ONLY when the amount you pay changes | $1 |
| Pay online using Insurance Bill Pay* | No | $1 |

*NOTE: Recurring Monthly accounts are not eligible to make payments through Insurance Bill Pay, although you can turn off paper billing for them.

3. Defendant's conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive act and practice under GBL § 349.

4. Accordingly, Plaintiff brings this putative class action on behalf of herself and all other similarly situated New York residents and former residents, and seeks compensatory damages from Defendant.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because Defendant transacts business and/or has agents within this District.

## PARTIES

7. Plaintiff Melissa Santoro is a citizen of New York who resides in Montgomery,

---

[2] https://www.statefarm.com/customer-care/insurance-bill-pay/go-paperless/lower-installment-fees.

2

New York. For many years, Ms. Santoro has had insurance accounts with Defendant, and since at least 2016, Defendant has charged Ms. Santoro a fee to receive a paper billing statement and/or pay by United States mail, which Ms. Santoro has paid. A screenshot of the $3.00 "Service Charge" to receive a paper billing statement and/or pay by United States mail from Ms. Santoro's October 2019 billing statement is below:



8. Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation with its principal place of business at 1 State Farm Plaza, Bloomington, IL 61710. Defendant is the largest property, casualty, and automobile insurance company in the United States.

**NEW YORK GENERAL BUSINESS LAW § 399-zzz**

9. Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like Defendant, shall not "charge a consumer an additional rate or fee associated with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement." GBL § 399-zzz(1).

3

10. The statute provides that "[e]very violation of this section shall be deemed a deceptive act and practice subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349. *Id.* § 399-zzz(2) (emphasis added).

11. As the New York Legislature found, "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy." *See* NY State Assembly Memorandum In Support of Legislation, attached as **Exhibit A**.

12. Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet." *Id.*

13. "Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer." *Id.*

## CLASS ACTION ALLEGATIONS

14. Plaintiff seeks to represent a class defined as all New York residents or former residents who were charged a fee to receive a paper billing statement and/or pay by United States mail by Defendant. Excluded from the Class is any entity in which Defendant have a controlling interest, and officers or directors of Defendant.

15. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number are in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

16.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  (a) whether Defendant charged its customers an additional fee in order to receive a paper billing statement; (b) whether Defendant charged its customers an additional fee in order to pay by United States mail; and (c) whether any such fee(s) constitutes a violation of GBL § 399-zzz.

17.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's charging its customers a fee in order to receive a paper billing statement and/or pay by United States mail.

18.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

19.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York GBL § 349
### (On Behalf Of The Class)

20. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

21. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

22. By the acts and conduct alleged herein, Defendant committed deceptive acts and practices by charging its customers an additional fee in order to receive a paper billing statement and/or pay by United States mail.

23. The foregoing deceptive acts and practices were directed at consumers.

24. The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

25. Plaintiff and members of the Class were injured because they were unlawfully charged an additional fee in order to receive a paper billing statement and/or pay by United States mail.  As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to Defendant in order to receive a paper billing statement and/or pay by United States mail.

26. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars per violation, whichever is greater, and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A.      Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C.      Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D.      Grant restitution to Plaintiff and the Class and require Defendant to disgorge its ill-gotten gains;

E.      Permanently enjoin Defendant from engaging in the unlawful conduct set forth herein; and

F.      Grant any and all such other relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: October 23, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     */s/ Philip L. Fraietta*

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: fklorczyk@bursor.com

*Attorneys for Plaintiff*

**EXHIBIT A**

**A09541 Memo:**

NEW YORK STATE ASSEMBLY
MEMORANDUM IN SUPPORT OF LEGISLATION
submitted in accordance with Assembly Rule III, Sec 1(f)

**BILL NUMBER:** A9541A

**SPONSOR:** Pheffer (MS)

**TITLE OF BILL**: An act to amend the general business law, in relation to prohibiting an additional fee or rate to be charged in certain circumstances

**PURPOSE OR GENERAL IDEA OF BILL**: This purpose of this bill is to prohibit businesses from imposing an additional rate or fee on the account of a consumer who chooses to receive paper billing statements or pay by United States mail.

**SUMMARY OF SPECIFIC PROVISIONS**: This bill would prohibit any person, partnership, corporation, association or other business entity from

charging a consumer an additional rate or fee or a differential in the rate or fee associated with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement.

The bill stipulates that its provisions shall not be construed to prohibit a person, partnership, corporation, association or other business entity from offering consumers a credit or other incentive to elect a specific payment or billing option.

Violations would be deemed a deceptive act and practice subject to enforcement under Article 22-A of the General Business Law.

**JUSTIFICATION**: In recent months, there have been instances of major companies proposing to impose an additional fee on the accounts of customers that choose to receive a paper bill or pay by United States mail. Such paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as, those that are

uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy.

Paper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet. Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer.

While the environmental benefits of electronic billing and payment are clear, a better approach to reducing paper use in this area is available. Several major companies have successfully reduced paper usage by offering customers an incentive to switch to electronic billing and payment.

This legislation would expand upon the provisions of Section 702 of the General Business Law, which prohibit creditors from charging customers

an additional rate or fee when the consumer chooses to pay by United States mail:

**PRIOR LEGISLATIVE HISTORY**: New bill.

**FISCAL IMPLICATIONS FOR STATE AND LOCAL GOVERNMENTS**: None.

**EFFECTIVE DATE**: 180 days after it shall have become a law,